IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| NELSON A. CHUNG,<br><br>    Plaintiff,<br><br>  vs.<br><br>CITY AND COUNTY OF HONOLULU, a Municipal Corporation, PAMELA OKIHARA, and ELIZABETH TSURUDA, Managing Employees; JOHN DOES 1-56; JANE DOES 1-56; DOE PARTNERSHIPS 1-56; DOE CORPORATIONS 1-56; DOE ENTITIES 1-56; and DOE GOVERNMENTAL UNITS 1-56,<br><br>    Defendants. | CIVIL NO. 14-00314 DKW-BMK<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

**ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

Plaintiff Nelson Chung claims that his former employer, the City and County of Honolulu, and his former County supervisors, Pamela Okihara and Elizabeth Tsuruda (collectively "Defendants"), discriminated against him on the basis of gender and sexual orientation in violation of state and federal law. Because the discriminatory acts of which Chung complains were alleged to have

occurred in the months leading up to his March 2008 departure from the County, and because Chung did not initiate administrative complaints regarding these acts until May 2012, well beyond the applicable statute of limitations, the Court GRANTS Defendants' Motion for Summary Judgment. Dkt. No. 34.

## BACKGROUND

**I.     Chung's Employment with the City and County of Honolulu**

In December 2006, Nelson Chung began his employment with the City and County of Honolulu, Parks and Recreation Department (the "County"), as a Recreation Director I. Dkt. No. 35-1, Declaration of Pamela Okihara ("Okihara Decl.") ¶ 4. According to Chung, shortly after he started, his immediate supervisor, Elizabeth Tsuruda, began asking him questions about his personal life, leading him to disclose that he is gay. Dkt. No. 43, Declaration of Nelson Chung ("Chung Decl.") ¶¶ 5-7. Tsuruda then began making unsolicited, and apparently offensive, comments about gays. Chung Decl. ¶¶ 8-14.

On February 22, 2007, Tsuruda completed Chung's probationary performance evaluation in which she rated him as "satisfactory." Dkt. No. 35-2, Declaration of Elizabeth Tsuruda ("Tsuruda Decl.") ¶ 2. Pamela Okihara, the Complex Supervisor/Recreation Director IV, completed Chung's subsequent evaluation reports. Okihara Decl. ¶¶ 2, 7; Tsuruda Decl. ¶ 3. Okihara rated Chung as "substandard" on various levels. Okihara Decl. ¶¶ 7-9; Dkt. No. 35-6,

Def. Exh. C.  Chung submitted written responses to these evaluation reports, in which he attempted to refute Okihara's substandard ratings.  Dkt. No. 35-6, Def. Exh. C at 7-8, 13-14, 21-22, 26-27.  These written responses did not include references to being discriminated against on the basis of gender or sexual orientation, or being exposed to a "hostile work environment."  *Id*.

After one of his co-workers left at the end of August 2007, Chung claims to have been "saddled" with all of his former co-worker's duties.  Chung Decl. ¶¶ 16-25.  Chung also felt as though his supervisors subjected him to heightened scrutiny by requiring him to keep weekly schedules detailing his duties and to attend weekly meetings with Okihara.  Chung Decl. ¶¶ 26-27.

In February 2008, a staff meeting was held at which time Okihara discussed the upcoming summer work assignments.  Okihara Decl. ¶ 15.  Okihara told Chung that he would be responsible for the teen program and the Manoa Gym facilities.  Okihara Decl. ¶ 15.  Okihara went on to joke, "that is, if you are still here in June."  Okihara Decl. ¶ 17.  Okihara maintains that she was "joking because in all likelihood [Chung] would be assigned to Manoa Valley District Park and would not be detailed to another park during the summer as he was the summer before."  Okihara Decl. ¶ 17.  However, Chung did not take Okihara's comment as a joke and construed it to mean that she would either make his job so burdensome that he

3

would quit or she would terminate him by that time. Okihara Decl. ¶ 18; Chung Decl. ¶ 43.

On March 2, 2008, Chung was involved in a motor vehicle accident. Chung Decl. ¶ 31; Dkt. No. 35-10, Def. Exh. G at 3. Chung claimed that the accident was a result of inattention due to work-related stress. *Id.* Following the accident, Chung returned to work only to retrieve his personal items on March 18, 2008. Okihara Decl. ¶ 21; Tsuruda Decl. ¶ 10. He never again returned to work after this date, and neither Okihara nor Tsuruda had any contact with him again. *See* Tsuruda Decl. ¶ 10.

## II. Chung's Workers' Compensation Claim

On April 1, 2008, Chung filed a workers' compensation claim asserting a workplace "stress" injury arising out of Okihara's comment at the February 2008 staff meeting. Okihara Decl. ¶ 15; Dkt. No. 35-10, Def. Exh. G. On November 14, 2008, the Director of the Department of Labor and Industrial Relations denied Chung's claim. Dkt. No. 35-11, Def. Exh. H. Chung appealed the Director's decision to the Labor and Industrial Relations Appeals Board ("LIRAB"), which affirmed the decision of the Director in its September 28, 2011 Decision and Order.[1] Dkt. No. 35-12, Def. Exh. I.

---

[1] The Intermediate Court of Appeals for the State of Hawaiʻi, in turn, affirmed the LIRAB's Decision and Order. Def. CSF ¶ 14; Okihara Decl. ¶ 19.

4

Although Chung had stopped going to work in March 2008, he had never been terminated from his County employment during the pendency of his worker's compensation claim, including his appeal to the LIRAB. Okihara Decl. ¶ 22. After Chung exhausted his paid time off shortly after March 2008, he was placed in leave of absence without pay (LWOP) status. *Id.* When the LIRAB denied his appeal in September 2011, Chung was informed by letter dated October 24, 2011, from Parks and Recreation Department Director Gary Cabato, that he had to return to work by November 8, 2011, or his continued absence would be deemed a resignation from his position as Recreation Director I. Okihara Decl. ¶ 22; Dkt. No. 35-8, Def. Exh. E. Chung did not return to work. Okihara Decl. ¶ 22.

**III.     Chung's Commencement of the Instant Lawsuit**

On May 3, 2012, Chung filed a Complaint with the Hawai'i Civil Rights Commission ("HCRC"), alleging discrimination on the basis of gender and sexual orientation. Dkt. No. 35-14, Def. Exh. K. Several days later, on May 8, 2012, Chung filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Dkt. No. 35-15, Def. Exh. L. Both the HCRC and the EEOC declined to pursue Chung's claims. Specifically, Chung's HCRC Complaint was dismissed on May 22, 2013, and his EEOC Charge was dismissed on June 6, 2013. Dkt. No. 35-16, Def. Exh. M; Dkt. No. 35-17, Def. Exh. N.

On August 19, 2013, Chung filed a Complaint in the Circuit Court of the First Circuit, State of Hawai'i, alleging various state and federal employment discrimination claims against Defendants. Dkt. No. 4-3. On June 19, 2014, Chung filed a First Amended Complaint ("FAC"). Dkt. No. 4-6. In his FAC, Chung asserted claims for discrimination and constructive termination in violation of HRS § 378 ("Count I"); hostile work environment on the basis of sexual orientation in violation of HRS § 378 ("Count II"); discrimination and constructive discharge on the basis of gender in violation of Title VII ("Count III"); hostile work environment on the basis of gender in violation of Title VII ("Count IV"); and deprivation of rights, privileges, and immunities in violation of 42 U.S.C § 1983 ("Count V"). *Id.*

On July 9, 2014, Defendants removed this action to this court. Dkt. No. 1.

On October 23, 2015, Defendants filed a Motion for Summary Judgment. Dkt. No. 34. On December 28, 2015, Chung filed his opposition to the motion. Dkt. No. 44. Defendants filed their reply on January 4, 2016. Dkt. No. 45. The Court held oral argument on Defendants' motion on January 15, 2016.

## **STANDARD OF REVIEW**

A party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' when, under the

governing substantive law, it could affect the outcome of the case. A 'genuine issue' of material fact arises if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Thrifty Oil Co. v. Bank of Am. Nat'l Trust & Sav. Ass'n*, 322 F.3d 1039, 1046 (9th Cir. 2003) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

When evaluating a motion for summary judgment, the court must construe all evidence and reasonable inferences drawn therefrom in the light most favorable to the nonmoving party. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630–31 (9th Cir. 1987). Thus, the moving party has the burden of persuading the court as to the absence of a genuine issue of material fact. *Celotex Corp v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party satisfies its burden, the nonmoving party must set forth "'significant probative evidence'" in support of its position. *T.W. Elec. Serv.*, 809 F.2d at 630 (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 290 (1968)). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion," and can do so by either "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

## **DISCUSSION**

Chung's claims are untimely and entitle Defendants to summary judgment.

**I.     State Employment Discrimination Claims**

A charge of discrimination under Hawaii Revised Statutes ("HRS") section 378-2 must be filed with the HCRC within 180 days of the alleged discriminatory act. *See* HRS § 368-11(c). Specifically, HRS § 368-11(c) provides:

> No complaint shall be filed after the expiration of one hundred eighty days after the date:
>
> 1) Upon which the alleged unlawful discriminatory practice occurred; or
>
> 2) Of the last occurrence in a pattern of ongoing discriminatory practice.

*Id.* "The Hawaii Supreme Court has characterized this as a 'statute of limitations period' . . . ." *Reyes v. HMA, Inc.*, Civil No. CV 07-00229 SOM/KSC, 2008 WL 1883904, at *2 (D. Haw. Apr. 28, 2008) (quoting *Sam Teague, Ltd. v. Haw. Civ. Rights Comm'n*, 89 Hawai'i 269, 276, 971 P.2d 1104, 1111 (1999)).

Defendants argue that Chung did not file his charge with the HCRC within 180 days of the alleged discriminatory conduct perpetrated by Okihara, Tsuruda, and the County, as required by HRS § 368-11(c). Chung argues that there was a pattern of ongoing discrimination that continued up to October 24, 2011, when the Director of the Department of Parks and Recreation issued a letter to Chung informing him that if he did not return to work by November 8, 2011, he would be

deemed to have resigned from his position. *See* Dkt. No. 44 at 3. Even if this Court were to construe the October 24, 2011 letter as "the last occurrence in a pattern of ongoing discriminatory practice," Chung nevertheless failed to timely file his charge of discrimination with the HCRC. Chung filed his May 3, 2012 charge with the HCRC 192 days after the October 24, 2011 letter. There is no allegation that the County took any action against Chung subsequent to the October 24, 2011 letter. Accordingly, even under Chung's view of the law, his state law discrimination claims (Counts I and II) against all Defendants are time-barred.

## II.     Federal Employment Discrimination Claims

"Under Title VII, a plaintiff seeking relief pursuant to the statute's provisions must file a charge with the EEOC within 180 days 'after the alleged unlawful employment practice occurred.'" *Draper v. Coeur Rochester, Inc.*, 147 F.3d 1104, 1107 (9th Cir. 1998) (quoting 42 U.S.C. § 2000e-5(e)(1)). Where, however, a plaintiff first institutes proceedings with a state or local agency "with authority to grant or seek relief from such practice," the period of limitations for filing a charge with the EEOC is extended to 300 days. *EEOC v. Commercial Office Prods. Co.*, 486 U.S. 107, 123 (1988). An untimely filing of a charge of discrimination is fatal to a subsequent claim based on the federal employment discrimination laws. *EEOC v. Farmer Bros. Co.*, 31 F.3d 891 (9th Cir. 1994).

In the instant case, even the extended 300-day period does not save Chung's federal claims. Chung filed his charge with the EEOC on May 8, 2012. As such, the 300-day period, during which an unlawful employment practice must have occurred, reaches back to July 13, 2011. *See* 42 U.S.C. § 2000e-5(e)(1). The events that form the basis of Chung's Title VII claims, however, occurred in 2007 and 2008. *See* FAC ¶¶ 18-27. These alleged discriminatory acts, in other words, fall outside the statute of limitations period by more than three years.

The only events that occurred on or after July 13, 2011 were the issuance of the October 24, 2011 letter and Chung's failure to return to work by November 8, 2011. However, neither event allows Chung to salvage his untimely Title VII claims. Chung alleges in Count III that he was constructively discharged from the County's employ in November 2011. FAC ¶ 42. "A constructive discharge occurs when a person quits his job under circumstances in which a reasonable person would feel that the conditions of employment have become intolerable." *Draper*, 147 F.3d at 1110. While the period of limitations in constructive discharge cases sometimes runs from the date of the allegedly forced resignation (*see, i.d.,* at 1111), that is not the case here. Here, nothing remotely "intolerable" happened to Chung within any temporal proximity to the late-2011 events on which he relies. Indeed, he had not set foot at his former job, nor had any interactions with his former supervisors, for 3½ years by that point, having removed himself from the

County employment setting in March 2008.  Receipt of Parks Director Cabato's October 24, 2011 letter does nothing to change that.  *See, e.g.*, *Steiner v. Showboat Operating Co.*, 25 F.3d 1459, 1465-66 (9th Cir. 1994) (noting that sexual harassment had ended "some time" before employee quit).  Chung may not rely on the October 24, 2011 letter and his effective resignation on November 8, 2011 to anchor his otherwise untimely claims of unlawful discrimination and constructive discharge.  As such, Count III is time-barred.

Chung's allegation of hostile work environment in Count IV is similarly time-barred.  "A 'hostile work environment' occurs when there is a pattern of ongoing and persistent harassment severe enough to alter the conditions of employment."  *Draper*, 147 F.3d at 1108.  Here, it is undisputed that Chung did not report to work after his car accident on March 2, 2008, except to retrieve his personal belongings on March 18, 2008.  Accordingly, Chung completely removed himself from whatever hostile environment may have existed at Manoa Valley District Park as of March 2008.  There is no evidence whatsoever that Okihara or Tsuruda continued to have contact of any kind with Chung after Chung stopped going to work.  Thus, the hostile environment to which Chung felt subjected could not have extended beyond the period that Chung was physically at work.  That period ended in March 2008, rendering untimely any federal administrative

complaint that he filed in 2012, whether using a 180- or 300-day limitations period. Count IV is therefore time-barred.

In sum, summary judgment is proper as to Chung's Title VII employment discrimination claims (Counts III and IV) against all Defendants.[2]

### III. Section 1983 Claim

As with Chung's state and federal employment discrimination claims, Chung's Section 1983 claim is untimely. Section 1983 creates a private right of action against government officials who, under color of law, violate a person's federal rights. Under 42 U.S.C. § 1983, the forum state's statute of limitations for personal injury actions applies. *See Lukowsky v. City & Cnty. of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008). In Hawai'i, the statute of limitations for personal injury is two years. HRS § 657-7. Accordingly, this two-year limitations period applies to Chung's § 1983 claim. *See Linville v. Hawaii*, 874 F. Supp. 1095, 1104 (D. Haw. 1994) (applying the two-year limit of Hawaii's general personal injury statute to Plaintiff's § 1983 claim).

"Although state law determines the length of the limitations period, federal law determines when a civil rights action accrues." *Morales v. City of Los*

---

[2] Chung's state and federal employment discrimination claims against Okihara and Tsuruda also fail because there is no individual liability against an employee's supervisors under HRS § 378-2 or Title VII. *See Lales v. Wholesale Motors Co.*, 133 Hawai'i 332, 349, 328 P.3d 341, 358 (2014) (foreclosing individual liability under HRS § 378-2 against co-employees and supervisors); *Turner v. Dep't of Educ.*, 855 F. Supp. 2d 1155 (D. Haw. 2012) ("Title VII does not impose liability on individual employees, including managers and supervisors."); *Pink v. Modoc Indian Health Project, Inc.*, 157 F.3d 1185, 1189 (9th Cir. 1998).

*Angeles*, 214 F.3d 1151, 1153-54 (9th Cir. 2000). "[A] claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).

Based on the evidence in the record, including Chung's own declaration, Chung knew or should have known that his "federal rights" were violated, if at all, by March 2008. Chung stated in his 2012 HCRC charge that he believed he was "subjected to unequal terms and conditions of employment, the last incident occurring on or about March 13, 2008, because of [his] sexual orientation." Dkt. No. 35-14, Def. Exh. K. Indeed, after March 2008, Okihara and Tsuruda had no interaction whatsoever with Chung. Because Chung's claim accrued no later than March 2008, he would have had to file his § 1983 claim by March 2010. Chung failed to do so. Instead, Chung waited over five years to institute this action, well beyond the two-year limitations period. Chung did not raise any argument related to equitable tolling, nor has the Court identified any. Accordingly, Chung's § 1983 claim (Count V) is time-barred.[3]

---

[3] At the hearing on Defendants' Motion for Summary Judgment, the Court asked Chung's counsel whether Chung was asserting a "*Parnar*" claim given the lack of clarity in the record and in thepleadings. *See* Dkt. No. 34-1 at 32-33. Chung's counsel responded that the FAC does not assert such a claim. Accordingly, the Court finds it unnecessary to discuss this issue further.

## **CONCLUSION**

For the reasons set forth above, the Court GRANTS Defendants' Motion for Summary Judgment (Dkt. No. 34).  The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

DATED:  January 26, 2016 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

Chung v. City and County of Honolulu, et al.; CV 14-00314 DKW-BMK; ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT