IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| NELSON A. CHUNG,<br><br>            Plaintiff,<br><br>    vs.<br><br>CITY AND COUNTY OF HONOLULU, a Municipal Corporation, PAMELA OKIHARA, and ELIZABETH TSURUDA, Managing Employees; JOHN DOES 1-56; JANE DOES 1-56; DOE PARTNERSHIPS 1-56; DOE CORPORATIONS 1-56; DOE ENTITIES 1-56; and DOE GOVERNMENTAL UNITS 1-56,<br><br>            Defendants. | CIVIL NO. 14-00314 DKW-BMK<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

## ORDER DENYING MOTION FOR RECONSIDERATION

Plaintiff Nelson Chung requests this Court to reconsider its January 27, 2016 Order Granting Defendants' Motion for Summary Judgment (the "Order"). Dkt. No. 54. Having now done so, Chung's Motion is DENIED for the reasons below.

## BACKGROUND

The facts underlying this action are set forth in the Order and need not be recounted in full here. Briefly, Chung filed suit against his former employer, the City and County of Honolulu, and his former County supervisors, Pamela Okihara

and Elizabeth Tsuruda (collectively "Defendants"), alleging that they discriminated against him on the basis of his sex and sexual orientation in violation of state and federal law. Because Chung's claims were untimely, the Court entered summary judgment in favor of Defendants. Dkt. Nos. 54 and 55. On February 24, 2016, after retaining new counsel, Chung moved for reconsideration pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure. Dkt. No. 59.

## STANDARD

Chung's motion for reconsideration, filed within twenty-eight days of entry of judgment, is considered under Rule 59(e). *United States v. Comprehensive Drug Testing, Inc.,* 513 F.3d 1085, 1098 (9th Cir. 2008) (citing *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.,* 248 F.3d 892, 898–99 (9th Cir. 2001)).[1]

Under Rule 59(e), a motion for reconsideration may be appropriate "(1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (citation omitted). While a "district court has considerable discretion when

---

[1] The standards for reconsideration under Rules 59(e) and 60(b) are substantially similar, *United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009), and would result in the same disposition here.

considering a motion to amend a judgment under Rule 59(e)[,]" *Turner v. Burlington N. Santa Fe R.R. Co.,* 338 F.3d 1058, 1063 (9th Cir. 2003), "amending a judgment after its entry remains 'an extraordinary remedy which should be used sparingly.'" *Allstate Ins. Co.,* 634 F.3d at 1111.

## DISCUSSION

Chung seeks reconsideration (1) "to prevent manifest injustice by addressing equitable tolling"; and (2) to "correct a clear error" based upon *Rene v. MGM Grand Hotel, Inc.*, 305 F.3d 1061 (9th Cir. 2002) (*en banc*).[2] Dkt. No. 59 at 14. He alleges that his administrative claims and Section 1983 claims "were either within the filing period/statute of limitations or there is a continuing violation or equitable tolling applies herein." *Id.*

Chung is simply incorrect.  He walked out on his job with the County in March 2008, never to return.  As a result, whatever cause of action he may have had based on what occurred to him in the workplace, accrued for statute of limitations purposes no later than that date.  By his own admission, neither Tsuruda, nor Okihara, nor any other County employee did anything to him, said anything about him, or treated him inappropriately (or even appropriately) after

---

[2] After Defendants pointed out in their opposition that this Court had not relied on *Rene* in rendering its decision, Chung clarified in his reply that "there was no error by this Court regarding the substantive claims[,]" and that "Counsel misspoke when she had indicated that this Court had committed error regarding the sexual orientation issue" set forth in *Rene*. Dkt. No. 67 at 4.

March 2008 because he was no longer there, and there is no evidence or even assertion that anyone from the County attempted to reach out to him thereafter. Accordingly, his May 2012 administrative complaints to the HCRC and EEOC were well beyond the applicable deadlines, and his Section 1983 claim, asserted for the first time in the instant action, is no less untimely.

The County did not formally terminate Chung until sending him a letter on October 24, 2011. Chung erroneously attempts to use this event to save his late claims. Other than serving as notice of his termination, the October 2011 letter, sent by a County Department Director with whom Chung had no prior contact, represented a discrete act with no connection, temporal or otherwise, to whatever occurred to Chung in the workplace prior to March 2008. It therefore cannot properly be viewed as evidence of a continuing violation, nor is this evidence or argument new to the Court on reconsideration. *See Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005) (explaining that reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision); *Chapman v. Journal Concepts, Inc.*, 2007 WL 4354417, at *2 (D. Haw. Dec. 13, 2007) ("To base a motion for reconsideration on the discovery of new evidence, Plaintiff is '*obliged* to show not only that this evidence was newly discovered or unknown until after the hearing, but also that it could not with reasonable diligence have discovered and produced

such evidence at the hearing.'" (quoting *Frederick S. Wyle Prof'l Corp. v. Texaco, Inc.*, 764 F.2d 604, 609 (9th Cir. 1985)).

Finally, where all else fails, Chung urges the Court to equitably toll any applicable limitations period that would otherwise bar his untimely claims. Beyond the fact that Chung never previously asserted equitable tolling, and does not now present any evidence of it that could not have been presented before, *see Image Tech. Serv., Inc. v. Eastman Kodak*, 903 F.2d 612, 615 n. 1 (9th Cir. 1990) (holding that plaintiff's failure to raise an issue in opposition to defendant's motion for summary judgment waived the issue); *Alexopulos ex rel Alexopulos v. Riles*, 784 F.2d 1408, 1410–11 (9th Cir. 1986) (finding tolling argument waived because the appellants failed to raise it in opposition to summary judgment), the facts do not warrant its application. There is no evidence or even assertion that the County or its employees did anything to prevent or inhibit Chung's assertion of his legal rights. Moreover, Chung's attempt to lay blame for his tardy actions at the feet of his prior, allegedly inexperienced, counsel is unavailing. It is not clear, first of all, that prior counsel was even involved at a time when Chung's claims were still timely, and, in any event, the Court agrees with the County that attorney inexperience and omissions are not generally valid bases for reconsideration. *See Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004).

In sum, having reviewed the reconsideration request, the Court finds no manifest error of law or fact, nor would it be manifestly unjust to enter judgment in favor of the County under the circumstances presented here.

## CONCLUSION

Chung's Motion for Reconsideration (Dkt. No. 59) is DENIED.[3]

IT IS SO ORDERED.

DATED: May 5, 2016 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

Chung v. City and County of Honolulu, et al.; CV 14-00314 DKW-BMK; ORDER DENYING CHUNG'S MOTION FOR RECONSIDERATION

---

[3] In light of this Court's ruling, the Court denies as moot Chung's request to amend his Complaint to include a disability discrimination claim and a *Parnar* claim. *See* Dkt. No. 59 at 14 n.1.